**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **LAUREN K. CHARBONNEAU,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No:  1:16-cv-  1493  LMB/JFA** |
| ) | |
| **v.** ) | |
| ) | |
| **LT PROPCO LLC** ) | |
| **a Delaware Limited Liability Company,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff, **Lauren K. Charbonneau**, by and through her undersigned counsel, hereby files this Complaint against **LT Propco LLC**, a Delaware Limited Liability Company, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* and damages for violations of the law of the Commonwealth of Virginia.  In support of her allegations, Plaintiff states as follows:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (the "ADA.")  The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in the City of Sterling, Virginia.

3.      Plaintiff Lauren Charbonneau ("Ms. Charbonneau") is a resident of the state of West Virginia.

4.      Ms. Charbonneau is a qualified individual with a disability as the term is defined by and within the meaning of the ADA.  Ms. Charbonneau suffers from spondylosis, degenerative disc disease throughout her neck and back, and several bulging discs.  Additionally, Plaintiff has suffered severe brain injuries that have limited her ability to walk, stand, and balance.  These conditions from which Plaintiff suffers require her to have a certified service dog with her at all times and also often use a cane and/or scooter to ambulate safely.

5.      Due to her disability, Plaintiff is substantially impaired in several major life activities such as walking and standing.

6.      Upon information and belief, LT Propco LLC ("Propco" or "Defendant,") is a Delaware Limited Liability Company and is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action (the "Property.")

7.      The Property is known as Lord & Taylor; it is generally located at 21050 Dulles Town Center, Sterling, Virginia 20166.

8.      The Defendant is registered to conduct business within the Commonwealth of Virginia through the Virginia State Corporation Commission and maintains a registered agent in this jurisdiction for the purpose of accepting service of process.

9.      Defendant is responsible for complying with all applicable obligations of the ADA.

10.     All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

11.     The allegations set forth in the paragraphs above are incorporated by reference as if fully set forth in this count.

12.     The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

13.     Ms. Charbonneau visited the Property and plans to return to the Property in the near future.  She expects to visit the Property two or three times a year.

14.     Ms. Charbonneau lives in nearby Charles Town, West Virginia and her work requires her to travel to the northern Virginia area several times a month.

15.     During the visit, Ms. Charbonneau experienced serious difficulty accessing the goods and utilizing the services on the Property due to the architectural barriers described in this Complaint and specifically in Paragraph 18.

16.      Ms. Charbonneau wants to visit the Property but continues to experience serious difficulty as the result of the barriers described below, all of which exist at the time of this filing.

17.      Ms. Charbonneau plans to and will visit the Property once the barriers described in Paragraph 18 and any other barriers have been removed.

18.     Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq*., and 28 C.F.R. §§ 36.302, *et seq*., by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered her access:

A.     Plaintiff encountered inaccessible parking due to excessive long slopes, lack of proper access aisles, and lack of signage at parking spaces designated as accessible which caused her difficulty locating the spaces and exiting her vehicle; and

B.     Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive slopes and steep side flares, which caused her difficulty in traversing the ramp.

19.     As of the date of this filing, the readily achievable barriers and other violations of the ADA exist.  They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA and Plaintiff expects and will encounter the same issues until they are removed.

20.     Independent of her intent to return to the Property as a patron, Plaintiff intends to return to the Property as an ADA tester to determine whether the barriers to access in this Complaint have been remedied.

21.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

22.     Removal of the barriers to access located on the Property will allow Plaintiff to fully utilize the goods and services located on the Property.

23.     The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action.  The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendant and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

24.     Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

25.     Defendant's Property is a place of public accommodation under *Code of Virginia*§ Section 51.5-44.

26.     The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

27.     As a direct and proximate result of Defendant's intentional and negligent failure to remove barriers to access that exist on Defendant's property, Plaintiff was and continues to be denied access and her civil rights were and continue to be violated.

28.     Consequently, Ms. Charbonneau seeks monetary damages from Defendant pursuant to *Code of Virginia*, § 51.5-46 for the discrimination she experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, Lauren K. Charbonneau demands judgment and execution against Defendant and requests the Court provide the following injunctive and declaratory relief:

A.      Declare the Property owned and administered by Defendant is in violation of the ADA;

B.      Enter an order directing Defendant to alter its facilities on the Property to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      Enter an order directing Defendant to evaluate and neutralize its policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.      Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees), and other expenses of this action;

E.      Award such other and further relief as it deems necessary, just and proper;

F.      Issue a Declaratory Judgment that Defendant violated the Virginia Rights of Persons with Disabilities Act;

G.      Order Defendant to alter the Property to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H.      Award Plaintiff monetary damages from the Defendant pursuant to *Code of Virginia* § 51.5-46; and

J.      Award Plaintiff such other additional and proper relief as may be just and equitable.

LAUREN K. CHARBONNEAU

By: /s/Deborah C. Waters
        Deborah C. Waters, Esquire
        Virginia State Bar #28913
        Waters Law Firm, P.C.
        Town Point Center Building, Suite 600
        150 Boush Street
        Norfolk, VA  23510
        Telephone:  (757) 446-1434
        Facsimile:   (757) 446-1438
        dwaters@waterslawva.com