# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| LAUREN K. CHARBONNEAU,  )<br>          Plaintiff,  )<br>     v.  )<br>LT PROPCO LLC,  )<br>          Defendant,  )<br><br>LT PROPCO LLC,  )<br>          Third-Party Plaintiff,  )<br>     v.  )<br>DULLES TOWN CENTER MALL, L.L.C.  )<br>2000 Tower Oaks Blvd., 8th Floor  )<br>Rockville, Maryland 20852  )<br>          Third-Party Defendant.  ) | Civil No. 1:16-cv-1493 (LMB/JFA) |

## THIRD-PARTY COMPLAINT FOR BREACH OF CONTRACT AND INDEMNIFICATION

Defendant/Third-Party Plaintiff, LT Propco LLC ("LT Propco"), hereby files its Third-Party Complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure against the above listed Third-Party Defendant and alleges as follows:

### JURISDICTION AND PARTIES

1. LT Propco is a Delaware limited liability company licensed to do business in the Commonwealth of Virginia. It owns real property in Sterling, Virginia with the address of 21050 Dulles Town Center. It operates a Lord & Taylor store at that location as part of the overall parcel known as the Dulles Town Center Mall.

2. Third-Party Defendant Dulles Town Center Mall L.L.C. ("Third-Party Defendant" or "Developer") is a Virginia corporation which owns property in Sterling, Virginia at the address 21100 Dulles Town Center. Developer owns and operates the shopping center at that location known as the Dulles Town Center Mall.

3. This Court has supplemental jurisdiction over this third-party complaint pursuant to 28 U.S.C. § 1367(a) as the claims herein form the same case and controversy as that alleged in the underlying Complaint. This Court is vested with original jurisdiction over the subject matter of the underlying Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the contract that is the subject of this third-party complaint was performed in Loudoun County, Virginia, and concerns property located therein.

## FACTUAL BACKGROUND

5. On or around June 27, 2001, LT Propco and Developer entered into a contract known as the "Amended and Restated Construction, Operation, and Reciprocal Easement Agreement" (the "REA").

6. Among other things, the REA set forth each party's respective rights and obligations concerning the construction and operation of the Dulles Town Center shopping center and other stores associated with that parcel, including LT Propco's Lord & Taylor store.

7. Under the REA, Developer agreed to construct, maintain, and manage all Common Areas as defined therein. Specifically, it agreed to construct the Common Areas "in compliance with all applicable laws, ordinances, and governmental rules and regulations," and it agreed to maintain the Common Areas "in first-class condition, order and repair."

8. The parking areas surrounding the shopping center and the Lord & Taylor store are part of the Common Areas under the REA.

9. The curbs located at the Dulles Town Center are also part of the Common Areas under the REA.

10. On or around June 27, 2001, LT Propco and Developer entered into a separate contract known as the "Supplemental Agreement." The Supplemental Agreement set forth further rights and obligations of the two parties respecting the construction and operation of the Dulles Town Center and the Lord & Taylor store in addition to those found in the REA.

11. Under the Supplemental Agreement, Developer agreed to indemnify LT Propco "against any claim, liability or expense in connection with" its "On-Site and Off-Site Improvement Work" which includes the construction and maintenance of the parking areas, sidewalks, and curbs.

12. Upon information and belief, Developer constructed the Common Areas, including the parking areas, sidewalks, and curbs, as set forth in the REA.

## THE ADA CLAIM

13. On December 2, 2016, Plaintiff Lauren K. Charbonneau ("Plaintiff") filed the underlying lawsuit against LT Propco (the "ADA Claim") alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (the "ADA") and Virginia Code § 51.5-44.

14. The ADA Claim alleged the existence of certain architectural barriers preventing Plaintiff from fully enjoying the accommodations at the Lord & Taylor store at the Dulles Town Center. These barriers are alleged to relate to the parking areas and curbs on the property.

15. Specifically, Plaintiff alleged that she:

    a. "encountered inaccessible parking due to excessive long slopes, lack of proper access aisles, and lack of signage at parking spaces designated as accessible which caused her difficulty locating the spaces and exiting her vehicle;" and that

    b. "encountered inaccessible curb ramps . . . due to excessive slopes and steep side flares, which caused her difficulty in traversing the ramp."

16. LT Propco retained undersigned counsel to investigate and respond to the ADA Claim.

17. LT Propco has incurred substantial costs and expenses associated with the investigation and defense of the ADA Claim and will continue to do so until the ADA Claim is resolved.

18. After it was served with the ADA Claim, LT Propco put Developer on notice of the ADA Claim, requested Developer address the alleged violations identified therein, and requested Developer indemnify LT Propco under the terms of the Supplemental Agreement. To date, Developer has not agreed to address these alleged violations and indemnify LT Propco for its costs and expenses under the ADA Claim.

## COUNT I: BREACH OF CONTRACT

19. LT Propco incorporates by reference the allegations set forth in the paragraphs above as if fully set forth in this count.

20. LT Propco and Developer entered into the REA whereby the Developer agreed to (1) construct the Common Areas—which included the parking areas and curbs at the Dulles Town Center—in accordance with all applicable laws, ordinances, and governmental rules and regulations; and (2) maintain the Common Areas in first-class condition, order and repair.

21. Upon information and belief, Developer breached its obligation to construct the Common Areas "in compliance with all applicable laws, ordinances, and governmental rules and regulations" by failing to construct the parking areas and curbs at issue in the ADA Claim in compliance with the ADA's requirements.

22. Upon information and belief, Developer breached its obligation to maintain the Common Areas in "first-class condition, order and repair" by failing to maintain the parking areas and curbs at issue in the ADA Claim in compliance with the ADA's requirements.

23. As a result of these breaches, LT Propco has suffered monetary damages by way of its investigation and defense of the ADA Claim. It will suffer further harm as it continues to investigate and defend itself in the ADA Claim until it is resolved and to make such repairs, if any, as may be necessary.

### COUNT II: CONTRACTUAL INDEMNIFICATION

24. LT Propco incorporates by reference the allegations set forth in the paragraphs above as if fully set forth in this count.

25. In the Supplemental Agreement between LT Propco and Developer, Developer agreed to indemnify LT Propco "against any claim, liability or expense in connection with" its construction and maintenance of the Common Areas.

26. Because the ADA Claim alleges that certain parking areas and curbs do not comply with relevant ADA laws and regulations, the ADA Claim against LT Propco is a "claim in connection with" Developer's construction of the Common Areas.

27. LT Propco informed Developer of the ADA Claim and specifically demanded indemnification under the terms of the parties' agreements.

28.   To date, Developer has not agreed to indemnify LT Propco for its expenses it has already incurred in investigating and defending against the ADA Claim and has not agreed to indemnify LT Propco for its future expenses in investigating and defending against the ADA Claim.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff LT Propco LLC demands the following:

A.   Judgment in its favor for Third-Party Defendant Dulles Town Center, L.L.C.'s, breach of its contractual obligations to construct and maintain the Common Areas at the Dulles Town Center;

B.   Judgment in its favor for its contractual indemnity claim against Third-Party Defendant Dulles Town Center L.L.C.;

C.   Award of all its costs and expenses, including reasonable attorney's fees, resulting from its investigation and defense of the ADA Claim whether such costs and expenses have already been incurred or will be incurred in the future; and

D.   Award of other and further relief as this Court deems necessary, just, and proper.

Dated:  February 2, 2017	Respectfully submitted,

	_____/s/_____
	Michelle D. Gambino (Va. Bar No. 70708)
	e-mail:  gambinom@gtlaw.com
	David G. Barger (Va. Bar No. 21652)
	e-mail: bargerd@gtlaw.com
	Michael A. Hass (Va. Bar No. 74974)
	e-mail:  hassm@gtlaw.com
	GREENBERG TRAURIG, LLP
	1750 Tysons Boulevard, Suite 1000
	McLean, Virginia  22102
	Tel:  (703) 749-1300
	Fax:  (703) 749-1301

	*Counsel for Defendant/Third-Party Plaintiff LT Propco LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Deborah C. Waters, Esquire
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA 23510
Tel: 757-446-1434
dwaters@waterslawva.com

*Counsel for Plaintiff, Lauren K. Charbonneau*

/s/
Michelle D. Gambino (Va. Bar No. 70708)
e-mail: gambinom@gtlaw.com
David G. Barger (Va. Bar No. 21652)
e-mail: bargerd@gtlaw.com
Michael A. Hass (Va. Bar No. 74974)
e-mail: hassm@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia  22102
Tel:  (703) 749-1300
Fax:  (703) 749-1301

*Counsel for Defendant/Third-Party Plaintiff LT Propco LLC*